**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-6674**

_____

THOMAS EUGENE LANGSTON,

                              Petitioner - Appellant,

        versus

D. A. BRAXTON, Warden, Red Onion State Prison,

                              Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CA-03-305-AM)

_____

Submitted:  September 26, 2003      Decided:  October 17, 2003

_____

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Thomas Eugene Langston, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas E. Langston seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2000) motion. Langston cannot appeal this order unless a circuit judge or justice issues a certificate of appealability, and a certificate of appealability will not issue absent a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). An appellant meets this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, ___, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Langston has not made the requisite showing. Accordingly, we deny Langston's motion for a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately

---

[*] In his informal brief to this court, Langston requests authorization to file a second petition for habeas corpus under 28 U.S.C. § 2244(b). Having construed this informal brief as a motion for authorization, see United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we conclude that, under the strictures of that statute, Langston is not entitled to such authorization.

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED